IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANA L. APPLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:25-cv-116** |
| **v.** | ) | |
| | ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Plaintiff Dana L. Appleton filed this civil action against Defendant State Farm Mutual Automobile Insurance Company based on allegations that Defendant breached the terms of Plaintiff's auto insurance policy and engaged in bad faith after Plaintiff submitted an insurance claim for damage to her car. The case was initiated in the Erie County Court of Common Pleas and removed to this Court by Defendant on May 6, 2025. ECF No. 1.

In a Memorandum Opinion and Order filed on August 15, 2025, this Court granted Plaintiff's motion to remand the case back to state court. ECF Nos. 10 and 11. The Court indicated in its opinion that Plaintiff could file a motion for attorney's fees and costs incurred as a result of the removal. ECF No. 10 at 7. Pending before the Court is Plaintiff's Petition for fees in the amount of $5,981.25, ECF No. 13, as well as Defendant's opposition to the petition, ECF No. 15.

Under 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (citations omitted).

By granting a remand and allowing Plaintiff to file a motion for attorney's fees, the Court implicitly determined that State Farm lacked an objectively reasonable basis for removing the within action, based on all of the reasons stated in its August 15, 2025 Memorandum Opinion. State Farm's response in opposition to Plaintiff's fee petition is largely an attempt to reassert the reasonableness of its removal; therefore, the undersigned construes this aspect of State Farm's response as a request for reconsideration of the matter. But because State Farm has not cited any new dispositive law, identified any previously undiscovered evidence, or demonstrated clear error or manifest injustice in the Court's August 15, 2025 ruling, the undersigned perceives no basis for revisiting that decision. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (a party seeking reconsideration must generally show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice).

State Farm goes on to argue that, even if a fee award is appropriate, Plaintiff's request is excessive and should be reduced. State Farm specifically challenges three separate time entries. First, it argues that counsel did not need to spend 1.5 hours reviewing the petition for removal, because the document was not lengthy. But because that review likely involved some form of legal analysis, the Court does not agree that 1.5 hours is excessive. Next, State Farm challenges the 5.5 hours that Plaintiff's counsel reportedly spent over a two-day period researching and drafting the motion to remand. Based on its review of the motion and supporting brief, the Court

does not agree that counsel's reported time is excessive to that task. Finally, State Farm challenges the 2.75 hours that counsel reportedly spent preparing the fee petition. Again, the Court does not find this time to be excessive.

In sum, the Court finds that the total amount of hours incurred by Plaintiff's counsel as a result of the removal (*i.e.*, 15.95 hours) is reasonable under the circumstances. The Court further finds (and Defendant does not dispute) that counsel's billing rate of $375.00 per hour is reasonable and fairly reflects the prevailing market rate in this judicial district. Applying a lodestar formula, which multiplies the reasonable number of hours billed by counsel's reasonable hourly rate, *see League of Women Voters of Pa. v. Pa.*, 921 F.3d 378, 387 (3d Cir. 2019), the Court finds that an award of $5,981.25 attorney fees is appropriate under the circumstances.

Accordingly, IT IS ORDERED, this 17th day of September 2026, that Plaintiff's Verified Petition for Fees in the above captioned matter, ECF No. [13], is GRANTED, and Defendant shall pay Plaintiff $5,981.25 as reasonable fees and costs associated with the removal of this action. Payment shall be made within thirty (30) days of the date of this Order.

Susan Paradise Baxter

Susan Paradise Baxter
United States District Judge